IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| DATATRON INTERNATIONAL CORPORATION, *et al.* | * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 12-cv-01678-AW |
| JUNG JIN KIM, *et al.* | * * | |
| Defendant. | * * * | |

*************************************************************************

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, brought by Jung Jin Kim ("Kim"), Yungwan Jun ("Jun"), and Kyuyong Lee ("Lee"). Doc. No. 3. The Court has reviewed the parties' briefs and exhibits and finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, the Defendants' Motion to Dismiss will be GRANTED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Datatron International Corporation d/b/a AGM Group ("Datatron") and AGM College Planning, LLC (collectively referred to by Plaintiffs as "AGM Group") brought this action on June 7, 2012 against individual Defendants Kim, Jun, and Lee, as well as corporate Defendants Top Edupia, Inc. ("Top Edupia") and Best Edupia, Inc. ("Best Edupia"). Plaintiffs are engaged in the business of providing college financial aid counseling and consulting for parents and children who intend to apply for admission and enroll in educational institutions within the United States. The individual Defendants are former employees of Plaintiffs who are now working independently or in partnership with the other individual and corporate Defendants.

Plaintiffs demand injunctive relief and monetary damages in excess of $75,000 based on a variety of state law claims against Defendants, including breach of contract, tortious interference with contractual relations, and misappropriation of trade secrets.  On August 3, 2012, the individual Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) on the grounds that there is no diversity of citizenship between the parties.  The record indicates that the corporate Defendants have yet to answer or otherwise respond to Plaintiffs' Complaint.

## II. SUBJECT MATTER JURISDICTION AND STANDARD OF REVIEW

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  This statute requires "complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kruger*, 437 U.S. 365, 373 (1978) (emphasis in original).  For the purposes of the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A limited liability company (LLC) is deemed a citizen of each state in which its members are citizens.  *See, e.g.*, *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F. Supp. 2d 700, 701 (D. Md. 2001).

A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "The plaintiff has the burden of proving that subject matter jurisdiction exists."  *Evans v. B.F. Perkins*

*Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Hardaway v. Checkers Drive-In Restaurants, Inc.*, No. 12-1213, 2012 WL 2337355, at *1 (4th Cir. June 20, 2012) ("A party seeking to invoke diversity jurisdiction has the burden of showing complete diversity of citizenship."). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond*, 945 F.2d at 768). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194–95 (2010).

### III.  ANALYSIS

It is undisputed that individual Defendants Kim and Jun and corporate Defendants Top Edupia and Best Edupia are citizens of Virginia for diversity purposes. *See* Doc. No. 1, ¶¶ 3–6; Doc. No. 3-1, at 4. It is also undisputed that individual Defendant Lee is a citizen of California for diversity purposes. *See* Doc. No. 1, ¶ 7; Doc. No. 3-1, at 4. Defendants contend that Plaintiffs are Virginia citizens, such that there is no diversity of citizenship, while Plaintiffs argue that they are Maryland citizens. Although Plaintiffs refer to themselves collectively as the "AGM Group," each Plaintiff is a distinct legal entity. *See, e.g.*, Doc. Nos. 9-2 and 9-3 (Maryland Department of Assessments and Taxation Information sheets for Datatron and AGM College Planning, LLC). The Court will therefore analyze and determine the citizenship of each Plaintiff in turn.

The Court concludes that AGM College Planning, LLC is a citizen of Maryland for diversity purposes. It is undisputed that Richard Myung is the sole member of AGM College Planning, LLC and that he resides in Silver Spring, Maryland. *See* Doc. No. 9-1, Myung Aff. ¶¶

2–3. Although Plaintiffs' Complaint states that the LLC's principal place of business is in Virginia, the residency of a limited liability company for diversity purposes is determined by the citizenship of its members. *See JBG/JER Shady Grove,* LLC, 127 F. Supp. 2d at 701. Because Myung is the only member of AGM College Planning, LLC, the LLC must be deemed a citizen of Maryland for diversity purposes.

As a corporation, Datatron is a citizen of its state of incorporation as well as the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). There is no dispute that Datatron is a citizen of Maryland, its state of incorporation. *See* Doc. No. 9-1, Myung Aff. ¶ 5. The dispute in this case is whether Datatron's principal place of business is in Maryland or Virginia. Determining the location of Datatron's principal place of business depends on the location of the corporation's "nerve center." In *Hertz Corp. v. Friend*, the Supreme Court held that "principal place of business" refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." 130 S. Ct. at 1192. In practice, the corporate nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . ." *Id.*; *see also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104 (4th Cir. 2011) (applying *Hertz* "nerve center" test).

The Court concludes that Datatron's nerve center is in Virginia, and the corporation must be treated as a Virginia citizen for diversity purposes. There is no dispute that the Plaintiffs' offices in Rockville, Maryland, were closed in or around September 2010, *see* Doc. No. 4, Jun Aff. ¶¶ 4–5, and that the Annandale, Virginia location opened around the same time, *see* Doc. No. 9-1, Myung Aff. ¶¶ 9–10. Jun avers, and Plaintiffs do not dispute, that the Plaintiffs' 5–6 employees, including two of the individual Defendants, physically worked in the Annandale

office, that client visits occurred at that office, and that the Plaintiffs received payments there. *See* Doc. No. 4, Jun Aff. ¶¶ 2, 7. The individual Defendants were high-level employees—Kim was marketing manager and Vice President, while Jun worked directly for the President and CEO—tasked with directing Plaintiffs' business operations from the Virginia office. *See* Doc. No. 1, ¶¶ 26–28, 44–46. Furthermore, Plaintiffs treat Datatron and AGM College Planning, LLC (collectively referred to as AGM Group) as virtually indistinguishable entities in their pleadings, and acknowledge that the LLC's principal place of business is in Virginia.[1] *See id.* ¶¶ 2, 11; Doc. No. 9, at 2. This evidence strongly suggests that the Annandale office serves as the physical headquarters for Datatron and its closely related entity, AGM College Planning, LLC, and that business activities are actually directed, controlled, and coordinated from the Annandale location.

Plaintiffs argue that Datatron's nerve center is found at the residential address of its sole stockholder, Richard Myung, in Silver Spring, Maryland. In support, Plaintiffs point to Datatron's registration with the Maryland Department of Taxation and Assessments, which lists the "principal office" as Myung's residential address in Silver Spring. *See* Doc. No. 9-2. Plaintiffs also contend that financial records are maintained and kept at Myung's home address, Plaintiffs' bank statements are mailed to that address, and that Plaintiffs' checks bear that address.[2] *See* Doc. No. 9-1, Myung Aff. ¶ 7–8. Myung also avers that "[m]ajor business operations and decisions are made and based out of" his residence, and that the main computer is located there. *See id.* ¶ 8. Finally, in support of their Opposition, Plaintiffs cite letters

---

[1] This does not affect the Court's determination that the LLC is a Maryland citizen for diversity purposes, as citizenship of LLCs is determined by the citizenship of their members. However, Plaintiffs' acknowledgement that the LLC's principal place of business is in Virginia undermines their claim that the principal place of business of Datatron, the LLC's sister entity, is in Maryland.

[2] Defendants may dispute these claims, however, as Jun avers that corporate records were kept at the Annandale, Virginia location. *See* Doc. No. 4, Jun Aff. ¶ 7.

concerning Plaintiffs' business that Defendant Kim sent to Myung at the Silver Spring address. *See* Doc. Nos. 9-4, 9-5, and 9-6.

Adopting Plaintiffs' position, however, would require this Court to treat the personal residence of a corporation's owner as the corporation's principal place of business in virtually all cases, as most business owners are likely to make business decisions, use a computer for business, and maintain business records at their residences. The Court believes that such a result "would readily permit jurisdictional manipulation," and is therefore improper under 28 U.S.C. § 1332. *Hertz Corp.*, 130 S. Ct. at 1195. Although the sole stockholder of Datatron undoubtedly conducts some of the corporation's business from his home in Silver Spring, Maryland, Plaintiffs have not satisfied their burden of establishing that the corporate nerve center is located there. Accordingly, the Court finds that Datatron is a Virginia citizen for diversity purposes. Because Plaintiff Datatron is a citizen of the same state as Defendants Kim, Jun, Top Edupia, and Best Edupia, complete diversity is destroyed, and the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED. A separate Order will follow.

__September 5, 2012___  
    Date

                /s/  
Alexander Williams, Jr.  
United States District Judge